**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BUZZMARKETING, LLC,

                            Plaintiff,

                  v.

THE UPPER DECK COMPANY, LLC,

                          Defendant.

Civil Action No. 03-4392

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT, THE UPPER DECK COMPANY, LLC, TO**
**THE COMPLAINT OF PLAINTIFF, BUZZMARKETING, LLC**

Defendant, The Upper Deck Company, LLC ("Defendant"), by and through its undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin and Markun Zusman & Compton, LLP, hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Buzzmarketing, LLC ("Plaintiff"), and in support thereof avers as follows:

1.      In answer to paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies them.

2.      In answer to paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3.      In answer to paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4.      In answer to paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5.      In answer to paragraph 5 of the Complaint, Defendant denies each and every allegation contained therein.

6.      In answer to paragraph 6 of the Complaint, Defendant denies each and every allegation contained therein.

7.      In answer to paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

8.      In answer to paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

9.      In answer to paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10.      In answer to paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein.

11.      In answer to paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

12.      In answer to paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit A to the Complaint represents the latest unsigned version of the contract and therefore denies this allegation. Defendant further denies each and every of the remaining allegation contained therein.

13.      In answer to paragraph 13 of the Complaint, Defendant denies each and every allegation contained therein.

14.     In answer to paragraph 14 of the Complaint, Defendant denies each and every allegation contained therein.

15.     In answer to paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16.     In answer to paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17.     In answer to paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18.     In answer to paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19.     In answer to paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

20.     In answer to paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21.     In answer to paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22.     In answer to paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23.     In answer to paragraph 23 of the Complaint, the allegations contained therein are deemed denied.

24.     In answer to paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25.     In answer to paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26.     In answer to paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27.     In answer to paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28.     In answer to paragraph 28 of the Complaint, the allegations contained therein are deemed denied.

29.     In answer to paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

30.     In answer to paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31.     In answer to paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32.     In answer to paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense, Defendant asserts that Plaintiff has waived any and all claims that it may have or have had against Defendant.

### SECOND AFFIRMATIVE DEFENSE

As a Second Affirmative Defense, Defendant asserts that Plaintiff has failed to state any claim upon which relief could be granted.

4

## THIRD AFFIRMATIVE DEFENSE

As a Third Affirmative Defense, Defendant asserts that the Complaint, and all allegations and causes of actions thereof, are uncertain.

## FOURTH AFFIRMATIVE DEFENSE

As a Fourth Affirmative Defense, Defendant asserts that it had no knowledge or reasonable grounds to believe, and in the exercise of reasonable care could not have known of, the alleged untruths or omissions or the existence of other facts from which liability is alleged to arise.

## FIFTH AFFIRMATIVE DEFENSE

As a Fifth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred by all applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

As a Sixth Affirmative Defense, Defendant asserts that Plaintiff has failed to take reasonable steps to mitigate the alleged damages, if any there were, and that its failure to mitigate the alleged damages therefore bars or reduces any recovery by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Affirmative Defense, Defendant asserts that Plaintiff has waived any rights that it may have had to institute an action concerning the wrongdoing alleged in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

As an Eighth Affirmative Defense, Defendant asserts that Plaintiff is estopped from asserting its claims by reason of its own acts or omissions and the acts or omissions of its agents.

## NINTH AFFIRMATIVE DEFENSE

As a Ninth Affirmative Defense, Defendant asserts that Plaintiff is barred from recovery by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

As a Tenth Affirmative Defense, Defendant asserts that Plaintiff unduly delayed in making its claims against Defendant, and therefore, its claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

As an Eleventh Affirmative Defense, Defendant asserts that Defendant did not directly or indirectly fail to perform any act which constitutes a violation of any right, if any, of Plaintiff or a violation of any duty or obligation, if any, owed to Plaintiff by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

As a Twelfth Affirmative Defense, Defendant asserts that service of process was defective.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a Thirteenth Affirmative Defense, Defendant asserts that Plaintiff failed to perform those obligations that Plaintiff was required to perform under the alleged contracts, which performance was a condition precedent to the performance of Defendant's obligations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

a.      that Plaintiff take nothing by reason of its complaint;

   b.      that Defendant be awarded Defendant's costs of suit incurred in this

action, including reasonable attorneys fees; and

   c.      that the Court award Defendant such other and further relief that the Court

deems just and proper.


_____
SAMUEL E. COHEN, ESQUIRE
Attorney I.D. No. 78996
Marshall, Dennehey, Warner,
Coleman & Goggin
1845 Walnut Street
17th Floor
Philadelphia, PA 19103
(215) 575-2587

Attorneys for Defendant,
The Upper Deck Company, LLC


Of Counsel:

Edward S. Zusman, CA Atty. I.D. 154366
Kevin K. Eng, CA Atty I.D. 209036
Markun Zusman & Compton, LLP
601 Montgomery Street, Suite 900
San Francisco, CA 94111
(415) 438-4515


Date:  August 1, 2003

## CERTIFICATE OF SERVICE

I, Samuel E. Cohen, Esquire, hereby certify that a true and correct copy of the Answer and Affirmative Defenses of Defendant, The Upper Deck Company, LLC, to the Complaint of Plaintiff, Buzzmarketing, LLC, was served on this 1st day of August, 2003, via first class mail, postage prepaid, upon the following:

Kathleen K. Barksdale, Esquire
John Churchman Smith & Associates, P.C.
117-119 North Olive Street
P.O. Box 229
Media, PA 19063-0229

_____
SAMUEL E. COHEN, ESQUIRE