# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUZZMARKETING, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>THE UPPER DECK COMPANY, LLC,<br><br>             Defendant. | Civil Action No. 03-4392 |

## **ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration of the Motion of The Upper Deck Company, LLC to transfer the above-captioned case to the United States District Court for the Southern District of California, it is hereby ORDERED and DECREED that the Motion is GRANTED.

 

                                                            _____
                                                            Honorable Berle M. Schiller, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUZZMARKETING, LLC, | Civil Action No. 03-4392 |
| Plaintiff, | |
| v. | |
| THE UPPER DECK COMPANY, LLC, | |
| Defendant. | |

**MOTION TO TRANSFER VENUE**

Defendant, The Upper Deck Company, LLC, by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and Markun Zusman & Compton, LLP, hereby moves to transfer venue in this matter to the Southern District of California, and, in support thereof, incorporates by reference the attached Memorandum of Law, with exhibits.

Accordingly, Upper Deck, LLC respectfully requests that this Honorable Court grant the instant Motion.

_____
SAMUEL E. COHEN, ESQUIRE
Attorney I.D. No. 78996
Marshall, Dennehey, Warner,
Coleman & Goggin
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2587

Attorneys for Defendant,
The Upper Deck Company, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BUZZMARKETING, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE UPPER DECK COMPANY, LLC,<br><br>                    Defendant. | Civil Action No. 03-4392 |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO TRANSFER VENUE**

Defendant, The Upper Deck Company, LLC, by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and Markun Zusman & Compton, LLP, hereby submits this Memorandum of Law in Support of its Motion to Transfer Venue. For the reasons stated more fully below, venue in this matter should be transferred to the United States District Court for the Southern District of California.

I.  INTRODUCTION

   A.  Nature of The Action

This action arises from the purported breach of a written contract. Plaintiff. Buzzmarketing, LLC ("Buzzmarketing"), is a Pennsylvania corporation providing marketing services on a nationwide basis. Buzzmarketing claims that it entered into a written agreement with Defendant, Upper Deck Company, LLC ("Upper Deck"), a Delaware limited liability company with principal place of business in Carlsbad, California. Upper Deck is in the sports memorabilia and collectibles business. Notably, though Buzzmarketing purports to bring this

action for damages pursuant to a written contract, it does not have a copy of that contract. Rather, Buzzmarketing has attached an unsigned, redlined version of a draft contract to its complaint and contends that it received a copy of the final agreement, signed it without retaining a copy, and sent it to Upper Deck's offices in California, where ostensibly it is being held. Buzzmarketing supports its contention with allegations that the actions of at least six Upper Deck employees, who live and work in California, confirm the terms of the contract. (Complaint, ¶¶ 3-10, Exhibit "A"). In addition, Plaintiff alleges that Upper Deck made statements to the press, which statements supposedly confirm the terms of the purported agreement. (Complaint, ¶ 11, Exhibit "A"). Plaintiff contends that this course of conduct forms the basis of an oral contract and an implied-in-fact contract. (Complaint, ¶¶ 20, 21, 23, 24, Exhibit "A").

Under the terms of the alleged contract, Buzzmarketing was to develop a nationwide marketing plan for one of Upper Deck's new products. Buzzmarketing alleges that it completed at least part of that work, and that Upper Deck breached the contract by failing to pay for those services. (Complaint, ¶¶ 16, 18, 22, 27, Exhibit "A").

**B.     Procedural History**

Buzzmarketing apparently filed this action on or about July 11, 2003, in the Court of Common Pleas, Delaware County. Upper Deck received a copy of the complaint on or about July 14, 2003, through U.S. Mail. Upper Deck timely removed the action to this Court on July 28, 2003, on the basis of diversity jurisdiction.

Upper Deck now requests that the Court transfer venue to the Southern District of California, pursuant to 28 U.S.C. § 1404, because such transfer would further the convenience of the parties and the witnesses, nearly all of whom are located in the Southern District of California, and in the interest of justice.

II.  **TRANSFERRING THIS ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA WOULD FURTHER THE CONVENIENCE OF THE PARTIES AND WITNESSES, AND THE INTEREST OF JUSTICE**

Federal courts are authorized to transfer cases to their sister districts pursuant to 28 U.S.C. § 1404, which provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"In deciding whether it should exercise its authority to transfer, a district court has broad discretion." Romann v. Geissenberger Mfg. Corp., 865 F. Supp. 255, 264 (E.D. Pa. 1994). This determination entails an examination of various factors, which include both private interest and public interest factors. See id. As set forth below, each of the requirements of § 1404(a) are met. Therefore, this action should be transferred to the Southern District of California.

   A.  **Both Venue And Jurisdiction Are Proper In The Southern District of California**

A threshold issue in determining whether to transfer a case is whether the action "might have been brought" in the transferee district court. 28 U.S.C. § 1404(a). This requirement is satisfied when both venue and personal jurisdiction are proper in the court to which transfer is sought. See Reading Metal Craft Co., Inc. v. Hopf Drive Assocs., 694 F. Supp. 98, 100 (E.D. Pa. 1988). In actions where jurisdiction is premised on diversity of citizenship, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State . . . ." 28 U.S.C. § 1391(a)(1).

The Southern District of California meets the requirements of § 1404. In this action, Upper Deck, the sole Defendant, is a limited liability company with principal place of business in Carlsbad, San Diego County, California. (Declaration of Robert Andrews In Support of Motion To Transfer Venue ("Andrews Decl.") ¶¶ 3, 4, Exhibit "B"). For purposes of venue,

3

limited liability companies are treated like partnerships and corporations.  Venue will therefore be proper in any jurisdiction in which the company is subject to personal jurisdiction.  See Pippett v. Waterford Development, LLC, 166 F. Supp. 2d 233, 238 (E.D. Pa. 2001).  Although Upper Deck is also organized under Delaware law, it has its headquarters in California and all of its employees who are relevant to this dispute are residents of California.  (Declaration of Mercedes Forbes In Support Of Motion To Transfer Venue ("Forbes Decl.") ¶¶ 3-7, Exhibit "C"; Andrews Decl. ¶ 4, Exhibit "B").  In addition, California is not only a jurisdiction in which Upper Deck does some business, it is the jurisdiction which is Upper Deck's principal place of business.  (Andrews Decl. ¶ 4, Exhibit "B").  Under these circumstances, Upper Deck is clearly a California resident for both venue and jurisdictional purposes.  Thus, since venue is proper and personal jurisdiction present in the Southern District of California, this action is one that "might have been brought" in the Southern District of California, and that district satisfies the requirements of § 1404.  Pippett, 166 F. Supp. 2d at 238.

      **B.**    **Transferring This Action To The Southern District Of California Would Serve The Private Interests Of The Parties**

The private interests of the parties are to be considered in determining whether to transfer a case, and include various factors.  The first is the plaintiff's choice of forum.  See Seidman v. Killington Ltd., No. 90-0161, 1990 WL 26680, at *2 (E.D. Pa. March 12, 1990).  While the plaintiff's chosen forum typically bears significant consideration, it has less weight when the actions from which the complaint arises occur outside of the forum.  See id. ("Though the plaintiffs are citizens of Pennsylvania, all of the actions complained of occurred [outside of Pennsylvania].  This attenuates the connection this action has with this district.") (citing Banks v. Marine Navigation Sulphur Carriers, Inc., 545 F. Supp. 39, 42 (E.D. Pa. 1982)); Luca Oil Drilling Co., Inc. v. Gulf Oil Corp., 593 F. Supp. 1198, 1200 (W.D. Pa. 1984).

4

> Additional private interest factors are:
>
> (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attending witnesses; (3) the cost of attendance at trial by willing witnesses; (4) the possibility of view of the premises, if appropriate . . . .

Pippett, 166 F. Supp. 2d at 238 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

In this case, transfer to the Southern District of California will serve all of the relevant private interest factors.[1] First, while Plaintiffs initially filed the action in this district, that decision is undercut by the fact that virtually all the sources of proof for this action are located in California, and specifically at Upper Deck's offices, which are located in the transferee district. See Lifescan, Inc. v. Polymer Tech. Int'l Corp., 31 U.S.P.Q.2d 1381 (E.D. Pa. 1994) ("Indeed, section 1404(a) would be meaningless if a plaintiff's choice of forum were always controlling."). The complaint itself says as much. With respect to the alleged written contract between the parties, Buzzmarketing specifically alleges that it does not have a copy of the signed agreement. Rather, the signed document is purportedly in Upper Deck's possession, ostensibly in Carlsbad, California. (Complaint, ¶ 12, Exhibit "A"). Moreover, Plaintiff's claims that an oral or implied-in-fact contract existed turns on the actions of various individuals. Plaintiff went so far as to identify the witnesses whose testimony, according to Plaintiff, will establish the existence of a contract in its complaint. All of theses identified witnesses are Upper Deck employees: Rich Henry, Don Williams, Louise Curcio, Kristy Watson, Robert Andrews, and Pollie Gautsch. (Complaint, ¶¶ 3, 4, 6, 7, 9, 10, 11 (Exhibit "A"); Andrews Decl. ¶ 2 (Exhibit "B"); Forbes Decl. ¶¶ 3-7 (Exhibit "C")).

Plaintiff, for example, alleges that "[t]hree separate Upper Deck employees" made statements "on four separate occasions" as evidence of the purported contractual obligation.

---

[1] The fourth factor, the possibility of view of the premises, is not relevant to this action.

5

(Complaint, ¶ 10, Exhibit "A").  All of the Upper Deck employees identified in the complaint live and work in California.  In addition, the complaint references third party witnesses whose testimony would be relevant to this dispute.  Plaintiff contends that "Upper Deck's Public Relations representative Don Williams made statements to the press confirming Upper Deck's contractual relationship with Buzzmarketing . . . ."  (Complaint, ¶ 11, Exhibit "A").  The members of the press to whom these statements were allegedly made are likely located in California.  The testimony of these third party individuals would be relevant to Plaintiff's claims, and are likely beyond the subpoena power of this Court.  In contrast, the Southern District does have power to compel these witnesses' attendance.  Therefore, the first, second, and third private interest factors favor transfer of this case to the Southern District of California.  See Siegel v. Homestore, Inc., 255 F. Supp. 2d 451, 457-58 (E.D. Pa. 2003) (granting transfer from the Eastern District of Pennsylvania to the Central District of California where, among other factors, a substantial amount of evidence was housed in California); In re Bankers Trust Co., 640 F. Supp. 11, 15 (E.D. Pa. 1985) (granting transfer to Northern District of California where key witness and non-party witnesses located in California).  Therefore, all the relevant private interest factors substantially weigh in favor of transfer.  Also, as set forth below, the public interest factors also favor transfer, and further confirm that this action is more properly venued in California.

      C.    **Transfer To The Southern District Of California Would Serve The Public Interest Factors**

In addition to the above private interest factors, public interest factors are considered in determining whether to transfer a case.  These factors include "[1] the relative congestion of court dockets, [2] choice of law considerations, and [3] the relation of the community in which the courts and jurors are required to serve to the occurrences that gives rise to the litigation."  Pippett, 166 F. Supp. 2d at 238 (citing Gulf Oil Corp., 330 U.S. at 508-09).  Another relevant

6

factor is the enforceability of a judgment if obtained. <u>Reading</u>, 694 F. Supp. at 102 (citing <u>Supco Automotive Parts v. Triangle Auto Spring Co.</u>, 538 F. Supp. 1187 (E.D. Pa. 1982)). These public interest factors further favor transfer.

### 1. Under Choice Of Law Considerations, California Has The Greater Interest In Adjudicating This Dispute

Choice of law considerations demonstrate that this action should be transferred to California. Plaintiff's complaint arises from a purported contract. The draft agreement attached to the complaint has notations showing modifications and deletions from the prior version. This document, which the Plaintiff claims is "the latest unsigned version of the contract," shows that the following provision was <u>deleted</u>:

> <u>Jurisdiction</u>: This Agreement shall be deemed to be made, entered into and accepted in the United States and the laws of the State of Pennsylvania shall govern this Agreement. Any legal suit or action, including but not limited to rescission, which involves or names Buzz shall and may only be commenced and maintained in the Courts in Pennsylvania, which such courts shall have exclusive jurisdiction.

(Complaint, Exhibit A, ¶ 14.)

This deleted language shows an early attempt, presumably by Plaintiff, to have Pennsylvania law govern the agreement and to fix jurisdiction exclusively in Pennsylvania. Plaintiff's own complaint shows that it apparently bargained away those rights. It therefore cannot claim that it had any expectation that Pennsylvania law would govern, or that Pennsylvania courts would provide the sole forum for the resolution of disputes arising from, the purported contract.

Moreover, whether the alleged contract was written, oral, or implied in fact, the Plaintiff's own allegations point to the conclusion that California law governs the parties' supposed contractual rights. Where an agreement is silent as to the governing law, Pennsylvania

7

courts look to a number of factors to determine the applicable law: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." CBS, Inc. v. Film Corp. of Amer., 545 F. Supp. 1382, 1385 (E.D. Pa. 1982) (citing Restatement (2d) Conflict of Laws, § 188).

Under the CBS factors, California law governs the agreement. Both the place of contracting and the place of performance of an agreement are the location where the offer is accepted and where delivery is to be made. See Victorson v. Albert M. Green Hosiery Mills, Inc., 202 F.2d 717, 718 n.2 (3d Cir. 1953). As stated above, the Plaintiff's offer was accepted, and delivery was to be made, in California. These two factors support the application of California law. Also, the subject matter of the purported contract is centered in California, as the services specified in the draft agreement relate to the launch of a new Upper Deck product from California. The marketing services that Plaintiff allegedly provided pursuant to the agreement were performed using certain Upper Deck property, including "materials, websites, supplies, samples, forms, charts, logo, brochures, [and] information" which is to "remain the sole property of Upper Deck . . . ." (Complaint, Exhibit A, ¶ 6a.) Further, the agreement specifies that the work product from the services would be Upper Deck's intellectual property, and that Plaintiff was to retain no proprietary rights in that work product. Thus, Upper Deck's proprietary rights form the heart of the contract. Such rights are centered in California. Three of the five factors point to transfer to California.

The remaining two factors do not alter the conclusion that the Southern District of California is the more appropriate forum. The complaint is silent as to where the alleged contract was negotiated, but presumably any negotiations occurred between the parties in

8

California and Pennsylvania. Finally, the remaining choice of law factor, "the domicile, residence, nationality, place of incorporation and place of business of the parties," does not decidedly tip in either direction. Plaintiff's residence and business activities apparently point to Pennsylvania; Upper Deck's residence and principal business activities are in California. However, given the other factors, namely that California was the place of contracting, the place of performance, and is the place where the subject matter of the purported contract is located, California law governs the alleged agreement. Therefore, the choice of law factor supports transfer.

> **2.     Considerations Of Docket Congestion, Relation Of The Communities To This Dispute, And Enforceability Of Judgments Provide No Basis For Declining To Transfer This Action To California**

The remaining public interest factors do not call for any different conclusion. First, the relative congestion of court dockets poses no barrier to transfer to the Southern District of California. This Court recently found, in transferring a case to the Central District of California, that "there is no evidence that the docket is any more heavily congested in the Central District of California than it is here in the Eastern District of Pennsylvania . . . ." Siegel, 255 F. Supp. 2d at 457. The Siegel holding is telling because the most recent statistics show that Southern District's docket is less congested than that of the Central District. For example, in 2002, the Southern District had fewer pending cases than the Central District, completed more trials than the Central District, and had a shorter median time for completion of civil actions. See U.S. District Court – Judicial Caseload Profile Reports (attached as Exhibit A hereto). This factor thus cannot provide a basis for opposing transfer.

Moreover, the remaining public interest factor, relation of the communities in which the courts and jurors are required to serve, favors transfer to California. As set forth above,

California has a closer connection to the occurrences that gave rise to the litigation and therefore has greater interests in this action than Pennsylvania. Therefore, "the burden of jury duty is more fairly placed on citizens of [California]." Pippett, 166 F. Supp. 2d at 239. The enforceability of a judgment, the final factor, also favors transfer. The location of a defendant's assets outside of the judicial district in which an action is pending supports a motion for transfer. "[S]hould plaintiff prevail, it would be preferable for a judgment to be lodged and enforced in [the jurisdiction] where much of defendants' assets are located." Sterling Supply Corp. v. Craig, Civ. A. No. 90-3891, 1990 WL 182138, at *4 (E.D. Pa. Nov. 21, 1990).

In summary, the public interest factors point to California as the more convenient forum. As indicated above, the key facts of this case occurred in California. The alleged contract was formed in California, the place of performance of the alleged contract was California, and the alleged breach took place in California. Under such facts, California "has a greater interest in the outcome of this lawsuit than Pennsylvania does." Pippett, 166 F. Supp. 2d at 239.

## III. CONCLUSION

As set forth above, this action should be transferred to California. First, venue is undoubtedly proper in the Southern District of California, and it is a district in which this action "might have been brought." Further, both private interest and public interest factors lead to the conclusion that California is the forum in which the convenience of the parties and the interests of justice would be better served. All the sources of proof identified in the complaint, including the written contract, relevant witnesses, and third party witnesses, are located in the Southern District of California. The alleged contract was formed and was to performed in the Southern District. Finally, California law governs the supposed agreement. Given these facts, California

has the greater interest in the outcome of this dispute, and it is only fair that California shoulder the responsibility of resolving this action. For all the above reasons, Upper Deck respectfully requests that this action be transferred to the United States District Court for the Southern District of California.

                                                  _____
SAMUEL E. COHEN, ESQUIRE
Attorney I.D. No. 78996
Marshall, Dennehey, Warner,
Coleman & Goggin
1845 Walnut Street
17th Floor
Philadelphia, PA 19103
(215) 575-2587

Attorneys for Defendant,
The Upper Deck Company, LLC

Of Counsel:

Edward S. Zusman, CA Attorney I.D. 154366
Kevin K. Eng, CA Attorney I.D. 209036
Markun Zusman & Compton, LLP
601 Montgomery Street, Suite 900
San Francisco, CA 94111
(415) 438-4515

Date: August 22, 2003

11

**CERTIFICATE OF SERVICE**

I, Samuel E. Cohen, Esquire, hereby certify that a true and correct copy of the Motion to Transfer Venue was served on this 22nd day of August, 2003, via first class mail, postage prepaid, upon the following:

Kathleen K. Barksdale, Esquire<br>
John Churchman Smith & Associates, P.C.<br>
117-119 North Olive Street<br>
P.O. Box 229<br>
Media, PA 19063-0229

                                        _____
SAMUEL E. COHEN, ESQUIRE