**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

---

BUZZMARKETING, LLC                    :
                                      :
        vs.                           :        NO. 03-4392
                                      :
THE UPPER DECK COMPANY, LLC           :

---

## O R D E R

AND NOW, this _____ day of _____, 2003, upon

consideration of the Amended Motion of The Upper Deck Company, LLC to transfer the above-

captioned case to the United States District Court for the Southern District of California, it is hereby

**ORDERED** and **DECREED** that the Motion is **DENIED**.


_____
Honorable Berle M. Schiller, U.S.D.J.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

BUZZMARKETING, LLC                  :
                                    :
        vs.                         :        NO. 03-4392
                                    :
THE UPPER DECK COMPANY, LLC         :

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiff, Buzzmarketing, LLC, by and through its attorneys, John Churchman Smith &

Associates, P.C., hereby moves this Honorable Court to deny transfer of venue in this matter to the

Southern District Court of California and, in support thereof, in corporates by reference the attached

Memorandum Law, with exhibits.

Accordingly, Buzzmarketing, LLC, respectfully requests that this Honorable Court deny the

instant Motion.

 

 

_____
Kathleen K. Barksdale, Esquire
John Churchman Smith & Associates, P.C.
Attorney I.D. No. 30620
117-119 North Olive Street
P.O. Box 229
Media, PA 19063
610-565-3900

Attorney for Plaintiff,
Buzzmarketing, LLC

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

---

BUZZMARKETING, LLC          :

                           :

        vs.             :       NO. 03-4392

                           :

THE UPPER DECK COMPANY, LLC   :

---

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION OF DEFENDANT'S MOTION TO TRANSFER VENUE
PURSUANT TO TITLE 28 USC § 1404(a)**

Plaintiff, Buzzmarketing, LLC, by and through its attorneys, John Churchman Smith & Associates, P.C., hereby submits this Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue Pursuant to Title 28 USC § 1404(a). For the reasons stated more fully below, venue in this matter should remain with the United States District Court for the Eastern District of Pennsylvania.

**I.     INTRODUCTION**

    A.    Nature of the Action

This action arises from the breach of a written and/or oral contract between the plaintiff, Buzzmarketing, LLC ("Buzzmarketing") and defendant, The Upper Deck, LLC ("Upper Deck"). Buzzmarketing is a Pennsylvania corporation providing marketing and advertising services. Defendant Upper Deck is a Delaware limited liability company, which markets sports memorabilia and collectibles throughout the United States, as well as, Europe and Asia. Defendant, Upper Deck, does have a primary business located in Carlsbad, California.

Buzzmarketing was retained by Upper Deck to conduct a national marketing campaign in order to market and advertize a new game product being produced by Upper Deck. Upper Deck

confirmed the existence of this contract by leaving messages at plaintiff's office located in Pennsylvania. Pursuant to the terms of the contract, all work that was to be done with regard to the national marketing campaign was to originate at the offices of Buzzmarketing in Pennsylvania. The subcontractors engaged to execute the various aspects of the national campaign were located in Florida and Maine, a fact that Upper Deck was aware of at the time of the execution of the contract.

Pursuant to the confirmation of the contract by Upper Deck, representatives of Buzzmarketing commenced the structuring of a national campaign by engaging subcontractors in Florida and Maine and commencing work on the campaign, as well as expending monies in order to implement the campaign.

Upper Deck's Public Relations representative made statements to the press confirming Upper Deck's contractual relationship with Buzzmarketing and outlining the campaign would be conducting for Upper Deck. The reporter with whom the Upper Deck representative had the conversation with resides in Maryland.

Buzzmarketing completed a number of tasks in furtherance of the national campaign to promote the new game product being produced by Upper Deck, in full compliance with terms of the contract between the parties. Upper Deck breached the terms of the contract by failing to pay Buzzmarketing for the services it rendered. (Complaint, Exhibit"A").

B.      Procedural History

Buzzmarketing commenced this action in the Court of Common Pleas of Delaware County and the defendant removed the matter to this Court on the grounds of diversity jurisdiction.

Upper Deck is now before this Honorable Court requesting that this matter be transferred to the Southern District of California pursuant to 28 U.S.C. §1404, in order to further the convenience of the parties contending that witness and documents relevant to this matter are located in California.

It is the position of the defense that the interests of justice would be served by the transfer of this matter.

In fact, the motivation for this Motion to Transfer is solely to the convenience of the defense and the interests of justice would only be served by leaving the matter in the forum selected by the plaintiff.

II.    **TRANSFERRING THIS ACTION WOULD NOT FURTHER THE CONVENIENCE OF THE OF THE PARTIES AND WITNESS AND IT WOULD NOT SERVE THE INTERESTS OF JUSTICE**

The defendant's request to transfer for the convenience of the parties and witnesses is without merit and would be an improper exercise of judicial discretion. Defendant has failed to satisfy the strict showing required to meet their heavy burden of proof under Section 1404 (a). Furthermore, all relevant factors pursuant to a Section 1404 inquiry weigh heavily in favor of the plaintiff and support the forum selected by the plaintiff the United States District Court for the Eastern District of Pennsylvania.

Title 28 U.S.C. 1404 ( a) states in pertinent part:

> "In the interests convenience of the parties and witnesses and the
> interest of justice, a district court may transfer any civil action to any
> other district court where the action might have been brought."

The burden of establishing the need for a transfer rests with the moving party. 28 U.S.C. 1404. It is well settled law that a transfer based on Section 1404 will not be granted absent a clear and convincing showing by the defendant that the balance of convenience weighs strongly in favor of the transferee court. Shutte v.Armco Steel Corp., 431 F.2d 2522 (3rd Circuit , 1978).

Defendant contends that this case will involve the production of a number of documents that are currently housed in California as well as the fact that a number of the witness that are named by the plaintiff are employees of the defendant's company who live and work in California.

However, the reality is that all of the employees named can easily be produced for trial by the defendant since the defendant has significant resources and access to air transportation via its affiliates, a luxury not enjoyed by the plaintiff of the other east coast witnesses who will be presented on the plaintiff's behalf.

Furthermore, the only document that exists in California is the executed contract that can easily be produced at time of trial. All other documents with regard to the national campaign being conducted by Buzzmarketing pursuant to that contract are located in Pennsylvania, as well as all documents regarding subcontractors and their involvement in the campaign that was being conducted by Buzzmarketing pursuant to the contract with the defendant are located in Pennsylvania. With regard to the witnesses, the principles for the plaintiff's company, Buzzmarketing are located in Pennsylvania, as well as subcontractors, who are located in Pennsylvania, Florida, and Maine, all of which are convenient to the Eastern District of Pennsylvania. With regard to the issue of witnesses located in California, those witnesses are employed by the defendant corporation and can easily be transported for purposes of court appearances to the Eastern District of Pennsylvania, since the chief executive officer of the defendant, Upper Deck, has a proprietary interest in a jet transportation company. It would be more expensive and burdensome for the witnesses located on the eastern coast of Pennsylvania whose resources are much more limited than those of the defendant to be transported along with the documentation to the west coast, or the Southern District of California.

The deciding Motion to Transfer Venue for the convenience of the witnesses is given less consideration where the defendant is able to bring the witnesses to the forum with little difficulty. Harris v. National Railroad Passenger Corp., 979 F. Supp. 1052 (E.D. Pa. 1997).  It has been a long established rule that transfer of venue is not warranted if the result is merely to shift inconvenience from one party to another.  28 U.S.C.A. § 1404.

**C.      Transfer to the Southern District of California Would Not Serve the Public Interest Factors**

The public interest factors to be considered by the Court at this time are the (1) relative congestion of the court dockets, (2) the choice of law considerations, and (3) the relation of the community in which the courts and jurors are required to serve to the occurrences that give rise to this litigation..

With regard to the relation of the community in which the court and jurors are required to serve to the occurrence giving rise to this suit, the plaintiff is a Pennsylvania corporation.  The defendant, while having a facility in California is a Delaware corporation, which does business in the Commonwealth of Pennsylvania.  The defendant entered into a contract with the plaintiff at the plaintiff's offices in Pennsylvania.  Plaintiff, as a result of that contract took affirmative actions in order to implement the terms of that contract.  Those issues are issues that are of similar interest all residents of the Eastern District of Pennsylvania.

With regard to the issue of the choice of law considerations in this case, while the original contract deleted the section identifying Pennsylvania as the controlling jurisdiction with regard to the application law in this case, that paragraph was not replaced by the defendant identifying California law as controlling in this matter.  Therefore, since the plaintiff is located, the defendant

is a Delaware corporation doing business in Pennsylvania entering into a contract in Pennsylvania, the controlling law in this matter would be the applicable law applied by the United State District Court of Eastern District of Pennsylvania.

Finally, the plaintiff has attached a judicial case law profile report to their Motion indicating that while statistics show that in the year 2002 the Southern District of California has case filings less than the Eastern District of Pennsylvania, statistics also show that in the year 2002, the time from filing to trial in civil matters in the Eastern District of Pennsylvania was 17.3 months, while the time from filing to trial in the Souther District of California was 21 months. (See Exhibit "B") The Eastern District has a history of dealing expeditiously with matters and obviously, that history is supported by the judicial case load profile report. Therefore, the relative congestion of the court dockets in this matter weighs heavily in favor of leaving the case where filed in the Eastern District of Pennsylvania.

### III.    CONCLUSION

The defendant's real and only argument on the Motion to Transfer Venue is that the Eastern District of Pennsylvania is an inconvenient forum. However, it is the long established and well settled rule that it is not enough for a defendant argue only that the plaintiff's choice of forum is inconvenient for the defendant. 15 Wright, Miller and Cooper, Federal Practice and Procedure, Section 389 at 407-408 (1986). As the plaintiff has already asserted, the Eastern District of Pennsylvania is a most convenient forum for the plaintiff, for the witnesses, for the location of the documents relevant to the proof of this cause of action for the applicable laws governing this course of action and, therefore, plaintiff strongly opposes any change in plaintiff's initial choice of forum. Defendant has failed in their burden of proof and the plaintiff's choice should not be disturbed and defendant's Motion to Transfer under 28 U.S.C. Section 1404(a) should be summarily denied.

WHEREFORE, for all of the above reasons, the plaintiff, Buzzmarketing, LLC, prays that

the defendant's Motion to Transfer Venue Pursuant to Title 28 U.S.C. Section 1404(a) be hereby

denied.

_____

Kathleen K. Barksdale, Esquire
John Churchman Smith & Associates, P.C.
Attorney I.D. No. 30620
117-119 North Olive Street
P.O. Box 229
Media, PA 19063
610-565-3900

Attorney for Plaintiff,
Buzzmarketing, LLC

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

BUZZMARKETING, LLC                        :
                                          :
              vs.                         :        NO. 03-4392
                                          :
THE UPPER DECK COMPANY, LLC               :

---

**CERTIFICATE OF SERVICE**

        KATHLEEN K. BARKSDALE, ESQUIRE, attorney for plaintiff,  hereby certifies that a

copy of the foregoing Response was served upon all counsel of record by United States first class

mail.


Date: _____        _____
                                  Kathleen K. Barksdale, Esquire
                                  John Churchman Smith & Associates, P.C.
                                  Attorney I.D. No. 30620
                                  117-119 North Olive Street
                                  P.O. Box 229
                                  Media, PA 19063
                                  610-565-3900

                                  Attorney for Plaintiff,
                                  Buzzmarketing, LLC