IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUZZMARKETING, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE UPPER DECK COMPANY, LLC, | : | |
| | : | |
| | : | |
| Defendant. | : | No. 03-4392 |

**ORDER**

**AND NOW**, this        day of **September, 2003**, upon consideration of Defendant's Amended Motion to Transfer Venue and the response thereto, it is hereby **ORDERED** as follows:

Defendant's Amended Motion to Transfer Venue is **DENIED** on the grounds that Defendant has failed to demonstrate that the interests of justice weigh in favor of transfer. Defendant has demonstrated only that its corporate principals are located in California, which is insufficient to meet Defendant's burden of showing that transfer would be "for the convenience of the parties." 28 U.S.C. § 1404; *see also DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F.Supp.2d 780, 784 (E.D. Pa. 2001) ("[I]t is only if witnesses are unavailable for trial and documents incapable of being produced in the forum that the convenience of parties carries sufficient weight to render transfer of venue appropriate."); *National Paintball Supply, Inc. v. Cossio*, 996 F.Supp. 459 (E.D. Pa. 1998) ("Transfer is not warranted if the result is merely to shift the inconvenience from one party to the other.").

BY THE COURT:

_____
**Berle M. Schiller, J.**